# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| LATRESE CLEAVES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:20-cv-02819-TLP-tmp |
| v. ) | |
| ) | |
| STATE OF TENNESSEE, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Latrese Cleaves sues pro se under 42 U.S. Code § 1983. (ECF Nos. 1, 8, & 20-1.) And under Administrative Order 2013–05, the Court referred this case to Chief Magistrate Judge Pham ("Judge Pham") to manage pretrial matters. Judge Pham thus screened Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B) to determine whether the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune." (ECF No. 12.) Judge Pham then issued a Report and Recommendation ("R&R"), recommending that the Court dismiss Plaintiff's claims. (*Id.*)

But Plaintiff then moved to amend her complaint to correct deficiencies in her prior pleadings, and she included a copy of her amended complaint with the motion. (ECF Nos. 20 & 20-1.) And this Court allowed Plaintiff to amend. (ECF No. 22.) Judge Pham has now screened Plaintiff's amended complaint. (ECF No. 24.) And again, Judge Pham recommends that the Court dismiss Plaintiffs claims. (*Id.*)

For the reasons below, the Court **ADOPTS** the R&R.

**BACKGROUND**

The Court will now give an overview of Plaintiff's amended complaint. In short, Plaintiff has nine minor children in the custody of Tennessee. (ECF No. 24 at PageID 144.) She sues the State of Tennessee, Department of Children's Services (DCS), Child Protective Services (CPS), Jennifer Nichols, in her official capacity as the Commissioner of DCS/CPS, and Alisa Collins, in her official and individual capacities as a DCS case worker (collectively "Defendants"). (*Id.*) And she alleges Defendants have violated her Fifth, Eighth, and Fourteenth Amendment rights by removing her children from her custody and incarcerating her. (*Id.*)

According to Plaintiff, the State removed her children without allowing qualified relatives to take custody of them, all in violation of DCS and CPS policy. (*Id.* at PageID 145–46.) What is more, Plaintiff alleges that several of her children have suffered abuse at the hands of their foster parents, even though individuals have notified DCS of the abuse. (*Id.* at PageID 146.) Plaintiff claims Defendants refuse to allow her to contact her children and do not provide her with their educational and medical records. (*Id.*) And Plaintiff asserts that Defendants have not provided her notice of Juvenile Court hearings involving her children. (*Id.* at PageID 147.)

Plaintiff further alleges that Defendant Collins, the DCS case worker for Plaintiff's children, made false accusations against her. (*Id.* at PageID 146–47.) And she claims that Defendants conspired "to terminate her parental rights and . . . put [her] in prison." (*Id.*)

What is more, Plaintiff asserts that the Shelby County Criminal Court judge[1] showed improper bias against her and set an excessive bond to keep her in jail, violating her due process and Eighth Amendment rights. (*Id.* at PageID 147.) She also claims Defendants violated her

---

[1] Even though Plaintiff makes these claims against the Shelby County Criminal Court, she does not name it as a Defendant.

privacy rights by notifying her children's fathers of the charges against her. (*Id.* at PageID 147–48.)

She asks the Court to enjoin Defendants from continuing their injustices and to order that the State release her from custody. (*Id.* at PageID 148.)

## **THE R&R**

In the R&R, Judge Pham first thoroughly summarized Plaintiff's allegations. (ECF No. 24 at PageID 144–48.) He then explained that Plaintiff fails to state a claim for which this Court can grant relief. First, Eleventh Amendment sovereign immunity bars claims against a state, state agencies, and state officials sued in their official capacities. (*Id.* (citing *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) and *Boler v. Earley*, 865 F.3d 391, 409–10 (6th Cir. 2017)).) With that in mind, Judge Pham explained that the Eleventh Amendment bars Plaintiff's claims against Tennessee, DCS, and CPS. (*Id.* at PageID 149–55.) And he recommended the Court dismiss those claims without prejudice. (*Id.*)

Next, Judge Pham explained the *Ex parte Young* exception to sovereign immunity but found that it does not apply here. (*Id.* at PageID 152–55.) Basically, *Ex parte Young* allows claims for injunctive relief against individual state officers in their official capacities for continuing violations of federal law. (*Id.* (citing *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 964 (6th Cir. 2013)).) In determining whether *Ex parte Young* applies to Plaintiff's claims against Nichols and Collins in their official capacities, Judge Pham considered whether Plaintiff alleges an ongoing violation of federal law and whether she seeks prospective relief. (*Id.*)

Plaintiff requests that the Court enjoin Defendants "from continuing their rampage of injustices" and "to take action" on her complaints. (*Id.* at PageID 155.) Judge Pham explained that "even assuming, *arguendo*, that Cleaves has sufficiently alleged an ongoing violation of

federal law, these requests for relief are too vague to trigger the *Ex parte Young* exception." (*Id.* at PageID 154.) What is more, Plaintiff requests injunctive relief but does not specify what actions the Court should enjoin or how the Court should do it. (*Id.* at PageID 154–55.) Because Plaintiff's injunctive requests are too vague, the *Ex parte Young* exception does not save Plaintiff's claims against Nichols and Collins in their official capacities. (*Id.* at PageID 155.) Thus, Judge Pham recommended the Court also dismiss these claims without prejudice for lack of jurisdiction because of sovereign immunity. (*Id.*)

But Judge Pham then explained that the Eleventh Amendment does not bar Plaintiff's claims against DCS case worker Collins in her individual capacity. (ECF No. 24 at PageID 155.) So Judge Pham then questioned whether Plaintiff sufficiently alleges a claim against Collins under § 1983. (*Id.*) Plaintiff essentially claims that Collins violated her "Fourteenth Amendment due process rights by taking her children and terminating her parental rights based on false information." (*Id.* at PageID 156.) And to be sure, the Constitution recognizes a due process interest in parenting. (*Id.* (citing *Bartell v. Lohiser*, 215 F.3d 550, 557 (6th Cir. 2000)).)

But "[s]ocial workers . . . enjoy absolute immunity when they engage in conduct intimately associated with the judicial process" such as when they act as a legal advocate to begin court proceedings, file abuse complaints, and testify. (ECF No. 24 at PageID 157 (citing *Turner v. Lowen*, 823 F. App'x 311, 317 (6th Cir. 2020) (internal quotation marks omitted).) What is more, this immunity applies even when a social worker makes a negligent or intentional misrepresentation. (*Id.* (citing *Barber v. Miller*, 809 F.3d 840, 844 (6th Cir. 2015)).)

Judge Pham concluded that Collins is entitled to absolute immunity for the alleged false statements and for filing abuse complaints against Plaintiff, because Collins acted as a legal

advocate. (*Id.* at PageID 158.) As a result, Judge Pham recommended that this Court dismiss the claims against Collins. (*Id.*)

Judge Pham also explained that Plaintiff claims Collins failed to provide safe homes for her children. (*Id.* at PageID 159–61.) But for those allegations, the children would be the real parties in interest. (*Id.*) For that reason, Plaintiff cannot pursue claims that belong to her children, and the Court should dismiss those claims as well. (*Id.*)

Finally, Judge Pham addressed Plaintiff's alleged civil conspiracy claim under §1985. (ECF No. 24 at PageID 161.) Plaintiff claims Defendants conspired to terminate her custody rights, but she does not include factual allegations to support this claim. (*Id.*) Judge Pham further explained that a §1985 Plaintiff must allege "both membership in a protected class and discrimination on account of it." (*Id.* (quoting *Estate of Smithers v. City of Flint*, 602 F.3d 758, 765 (6th Cir. 2010)).) But Plaintiff does not allege that Defendants conspired against her because of her race or class discrimination. (*Id.* at PageID 161–62.)

In the end, Judge Pham recommended that this Court dismiss without prejudice Plaintiff's complaint in its entirety. And this Court agrees.

## **DISPOSITION**

Under Federal Rule of Civil Procedure 72(b)(2) "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). If a party files an objection, "[t]the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). But when neither party objects, the district court need only review the record for "clear error." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendments.

5

Plaintiff did not object to the R&R.  And having reviewed the record and the R&R, the Court finds no clear error.  Indeed, the Court agrees with the Magistrate Judge's findings and conclusions.  The Court therefore **ADOPTS** the R&R in full and **DISMISSES** Plaintiff's claims without prejudice.

**SO ORDERED**, this 14th day of September, 2021.

                                         s/Thomas L. Parker
                                         THOMAS L. PARKER
                                         UNITED STATES DISTRICT JUDGE